United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Rebecca A. Strausbough,　　　　　　　　　　　　　　Case No. 09-63027-R
　　　　　　Debtor.　　　　　　　　　　　　　　　　Chapter 13
_____/

Rebecca A. Strausbough,
　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 09-5692

Co-Op Services Credit Union,
　　　　　　Defendant.
_____/

Opinion Denying Motion to Join Philip A. Strausbough as a Plaintiff

I.

On July 24, 2009, Rebecca Strausbough filed her chapter 13 petition. Strausbough and her non-debtor spouse, Philip Strausbough, own a home as tenants by the entirety. On August 10, 2009, Strausbough filed this action against Co-Op Services Credit Union to determine the extent of its lien. In the complaint, Strausbough alleges that the value of the home is $120,000, however, the amount owed to the Credit Union on the first mortgage is $131,117.98. Strausbough and her husband also have a second mortgage with the Credit Union in the amount of $48,262.48. This action seeks to "strip" the second mortgage pursuant to 11 U.S.C. § 506(a) and *Lane v. W. Interstate Bancorp* (*In re Lane*), 280 F.3d 663 (6th Cir. 2002). It appears that the defendant does not contest the factual basis of the plaintiff's claim.

The debtor has filed a motion to add her husband as a plaintiff in this adversary proceeding. The Court conducted a hearing on the motion on December 14, 2009, and took the matter under

advisement.

## II.

The debtor asserts that she should be able to strip the lien without having her husband as a party, despite owning the property as tenants by the entirety. However, if that is not the case, the debtor seeks to add her husband as a party to ensure that the lien can be effectively stripped. The debtor argues that under Rule 20(a) joinder is strongly encouraged and liberally applied.

The Credit Union asserts that the mortgage cannot be stripped by one owner when the property is held as tenants by the entirety. The Credit Union contends that joinder should not be permitted because the debtor's husband is attempting to obtain the benefits of bankruptcy without its burdens and obligations.

## III.

The debtor seeks to strip off the second mortgage pursuant to 11 U.S.C. § 506(a), which provides that:

> [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a). A lien against property is void "[t]o the extent [such] lien secures a claim against the debtor that is not an allowed secured claim[.]" 11 U.S.C. § 506(d).

"Where a creditor holds a second mortgage on a homestead valued at less than the debtor's secured obligation to a first mortgagee, . . . the holder of the second mortgage has only an 'unsecured claim' for § 506(a) purposes." *Lane*, 280 F.3d at 664. Further, "[i]f a claimant's lien on the debtor's homestead has no value at all . . . the claimant holds an 'unsecured claim' and the

claimant's contractual rights are subject to modification" under § 1322(b)(2) of the Bankruptcy Code. *Id*. at 669. *See Pees v. D.A.N. Joint Venture II* (*In re Claar*), 368 B.R. 670, 674 (Bankr. S.D. Ohio 2007).

Federal Rule of Civil Procedure 20(a) states in part, "Persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Rule 20(a) is to be construed broadly and "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130 (1966).

A party seeking to join a suit must have standing. It has long been held that standing "is perhaps the most important of the jurisdictional doctrines," thus placing federal courts under a special obligation to determine the threshold issue of whether standing exists. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 110 S. Ct. 596 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750, 104 S. Ct. 3315 (1984)). "[L]imitations on standing are of paramount importance in bankruptcy proceedings." *In re Baltimore Emergency Servs. II, Corp.*, 432 F.3d 557, 560-561 (4th Cir. 2005). "Courts consistently have noted a public policy interest in reducing the number of ancillary suits that can be brought in the bankruptcy context so as to advance the swift and efficient administration of the bankrupt's estate. This goal is achieved primarily by narrowly defining who has standing in a bankruptcy proceeding." *Richman v. First Woman's Bank* (*In re Richman*), 104 F.3d 654, 656-657 (4th Cir. 1997). "To have standing to seek the requested relief a plaintiff must have a personal stake in the outcome of the controversy as well as be [in] the class of persons intended to benefit from the statute." *Ford Motor Credit Co. v. Hemsley* (*In re Bennett*), 317 B.R. 313, 316 (Bankr. D. Md. 2004). *See Newcomer v. Litton Loan Serv., L.P.* (*In re Newcomer*), 416 B.R. 166, 175 (Bankr. D.

3

Md. 2009).

Sections 506(a) and 1322(b) are for the benefit and protection of the debtor and the creditors in a bankruptcy case. Nothing in the bankruptcy code affords Philip Strausbough the relief he would seek as a plaintiff in this action. Accordingly, he does not have standing to pursue this claim. The debtor's motion to join him as a plaintiff is therefore denied.

The remaining issue in this adversary proceeding is whether the debtor, acting alone, can effectively strip the lien when the property is held as tenants by the entirety. The parties shall file cross-motions for summary judgment on this issue by January 15, 2010.

For Publication

**Signed on December 18, 2009**

                 **/s/ Steven Rhodes**
                **Steven Rhodes**
                **United States Bankruptcy Judge**